UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN BEVERLY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  – against –<br><br>PLUG POWER, INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | **OPINION AND ORDER**<br><br>21 Civ. 2004 (ER)<br><br>21 Civ. 3985 (ER)<br><br>21 Civ. 4832 (ER) |
| LAXMAN TANK, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  – against –<br><br>PLUG POWER, INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | |
| BRANISLAV SMOLICEK, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  – against –<br><br>PLUG POWER, INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | |

Ramos, D.J.:

  Dawn Beverly first filed this putative class action on March 8, 2021, alleging violations of Sections 10b and 20a of the Securities Exchange Act. Before the Court is movant Manfred

Schumacher's motion to consolidate the *Beverly* action with Case No. 21 Civ. 3985, *Tank v. Plug Power, Inc.*, *et al.*, to be appointed as lead plaintiff, and for approval of his selection of Bernstein Liebhard LLP as lead counsel.  Schumacher has also filed a lead plaintiff appointment motion in *Smolicek v. Plug Power, Inc., et al*, No. 21 Civ. 4832, which was first filed in the Central District of California on March 18, 2021, but was transferred to this District on June 1, 2021 and subsequently assigned to this Court.  For the reasons discussed, Schumacher's motions are GRANTED.  The Court will also *sua sponte* consolidate the *Smolicek* action into this one.  All further filings in this matter should be made under Case No. 21 Civ. 2004 and referred to as "In re Plug Power, Inc. Securities Litigation."

**I.      BACKGROUND**

All three of the above-captioned complaints raise substantially similar allegations regarding allegedly false or misleading statements by Plug Power, Inc., a company that develops fuel cell technology, and two of its officers, Andrew Marsh and Paul B. Middleton.  These include allegations that Defendants failed to disclose:  (1) that Plug Power would be unable to timely file its 2020 annual report due to delays stemming from review of, *inter alia*, the classification of certain costs;  (2) that Plug Power was reasonably likely to report material weaknesses in its internal control over financial reporting; and (3) that as a result, Defendants' positive statements about their business were materially misleading.  *See Beverly* Doc. 1 at ¶5; *see also Tank*, Doc. 1 at ¶8; *Smolicek*, Doc. 1 at ¶5.  All complaints allege that Plug Power's stock fell $3.68, or 7%, upon Plug Power's filing a notification of late filing with the SEC on March 2, 2021, and continued to fall thereafter.  *See, e.g.*, *Beverly* Doc. 1 at ¶4.

All cases allege Section 10(b) and 20(a) claims under the Securities Exchange Act against the same three defendants.  The class periods alleged in *Beverly* and *Smolicek* are

identical: "persons and entities that purchased or otherwise acquired Plug securities between November 9, 2020 and March 1, 2021, inclusive." *Beverly* Doc. 1 at ¶1; *Smolicek* Doc. 1 at ¶1. The proposed *Tank* class is the same, except that the class period extends to March 16, 2021. *Tank*, Doc. 1 at ¶1.

## II.    CONSOLIDATION

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "Under Rule 42 and the [PSLRA], actions need not be 'identical' to allow for consolidation." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d, 390, 394 (S.D.N.Y. 2014). Given the flexible nature of Rule 42, "[t]he trial court has broad discretion to determine whether consolidation is appropriate." *Johnson*, 899 F.2d. at 1284. "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts in this district "routinely consolidate securities class actions arising from the same allegedly actionable statements." *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015) (collecting cases). A district court may consolidate related cases under Rule 42(a) *sua sponte*. *See Devlin*, 175 F.3d at 130.

Here, the complaints allege substantially similar claims against the same defendants, arising out of the same statements that allegedly caused the decline in Plug Power's value. Because the actions involve the same company and the same defendants, facts, claims, and legal

theories, consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. *See Crowe v. JPMorgan Chase & Co.*, Nos. 09 Civ. 778 (RWS), 08 MDL 1963 (RWS), 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009). Indeed, the primary difference in the three complaints appears to be that the *Tank* action alleges a class period that is approximately two weeks longer. However, a difference in class periods will not render consolidation inappropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007), *reconsidered on other grounds sub nom. In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009)).

Here, the difference in class period appears to stem from the inclusion of a March 16, 2021 press release in the *Tank* complaint, in which Plug Power announced that it needed to restate its financials for fiscal years 2018 and 2019 and filed a Form 8-K with the SEC stating that it "expected to recognize an impairment related to long-lived assets and a material weakness in its internal controls over financial reporting." *See Tank*, Doc. 1 ¶¶ 5–6. These allegations are consistent with the facts and theories alleged in the *Beverly* and *Smolicek* complaints; the cases thus allege a "common course of conduct." *Kaplan*, 240 F.R.D. at 92 (*quoting In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998)).

There is also little to no risk of prejudice to the parties from consolidation. No party has opposed the request for consolidation, and Defendants' time to answer has not yet passed, so the cases can be easily placed on the same track. *See DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, No. 13 Civ. 8788 (CM), 2015 WL 936114, at *2–3 (S.D.N.Y. Mar. 3, 2015). Moreover, while Schumacher has only formally sought consolidation

of the *Beverly* and *Tank* matters, this is because the *Smolicek* matter was not transferred to this District until June 1, 2021, after motions to consolidate and to appoint a lead plaintiff were due. Schumacher did however indicate in his May 27, 2021 reply brief that he did not oppose the transfer and consolidation of *Smolicek* as well.  *See* Doc. 66 at 1.

In light of the foregoing, the Court finds that the *Beverly* and *Tank* actions involve common questions of law and fact, and therefore warrant consolidation. Moreover, in light of all parties' consent to the later transfer of the *Smolicek* matter to this District, and the substantial similarities between *Smolicek*, *Beverly* and *Tank*, the Court will *sua sponte* consolidate all three cases.

## III.   APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") governs motions for the appointment of lead plaintiffs in putative class actions brought under federal securities laws.  The PSLRA instructs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u–4(a)(3)(B)(i).  The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the complaint, (ii) "has the largest financial interest in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  § 78u-4(a)(3)(B)(iii)(I).  This presumption is rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  § 78u–4(a)(3)(B)(iii)(II).

Schumacher has moved for lead plaintiff appointment in both *Beverly* and *Smolicek*. In *Beverly*, a total of thirteen lead plaintiff motions were filed. However, eleven of these other movants either withdrew their motions or filed notices of non-opposition. The remaining movant, Ashkan Shademan, did not file any papers in response to Schumacher's motion. Similarly, in *Smolicek*, ten movants sought lead plaintiff status, and eight subsequently withdrew their motions or filed notices of non-opposition. The remaining movant in *Smolicek*, Patrick McGovern, did not file any response to Schumacher's application. The Court therefore deems Schumacher's motions unopposed. *See Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (deeming several movants' motions to be withdrawn when they failed to file any opposition to lead plaintiff appointment motion).

### A. Filing Complaint or Motion

Here, it is undisputed that Schumacher has satisfied the first requirement of the PSLRA by filing a timely motion on May 7, 2021 in response to the public notice issued by Glancy Prongay & Murray, LLP on *Businesswire*. *See* Docs. 36, 39-1.

### B. Largest Financial Interest

Courts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127–28 (S.D.N.Y. 2011)). "Of these factors, courts have consistently held that the fourth, the

magnitude of the loss suffered, is most significant." *In re Braskem*, 2015 WL 5244735, at *4 (collecting cases). Courts in this District have expressed a preference for the "last-in, first-out" or "LIFO" methodology to calculate loss. *See Simco v. Aegean Marine Petroleum Network, Inc.*, 18 Civ. 4993 (NRB), 18 Civ. 5165 (NRB), 2018 WL 11226076, at *2 (S.D.N.Y. Oct. 30, 2018).

Schumacher has proffered evidence that he suffered the greatest financial loss, as he has lost approximately $1,285,469.09 under the LIFO method. *See* Doc. 64 at Fig. 1, *see also* Doc. 39-3 at 6. While his motion is now unopposed, Schumacher has also provided a chart demonstrating that he has suffered the largest loss of all movants by a significant margin. Doc. 64 Fig. 1.[1] Thus, Schumacher is presumed to have the greatest financial stake in this litigation.

### C. Rule 23 Requirements

Schumacher still must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be appointed lead plaintiff. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) sets forth four requirements for class certification: (1) the class is so numerous that simple joinder of all members is impracticable; (2) there exist questions of law or fact common to the whole class; (3) the claims of the lead plaintiff are typical of the claims of the whole class; and (4) the lead plaintiff will adequately represent the interests of all class members. *See* Fed. R. Civ. P. 23(a). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary

---

[1] The only movant in *Beverly* who did not explicitly withdraw their motion or file a notice of non-opposition clearly suffered a smaller loss. *See* Doc. 10 at 2 (Shademan lost $33,294 under the LIFO method). Schumacher has also demonstrated a greater loss than the only *Smolicek* movant that did not explicitly withdraw their motion or file a notice of non-opposition. *See Smolicek* Doc. 19-1 at 30 (McGovern lost $583,016.32 under the LIFO method).

showing that the adequacy and typicality requirements have been met.'" *Id.* (quoting *Jambay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)).

"The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The lead plaintiff's claims, however, "need not be identical to the claims of the class to satisfy this requirement." *Id.* (internal quotation marks omitted).

Schumacher's claims are typical of the claims of the whole class. He alleges that he (1) purchased Plug Power securities during the class period, at rates artificially inflated by Defendants' allegedly fraudulent statements and/or omissions; and that he (2) suffered substantial losses as a result. Doc. 64 at 6. His claims are thus based on the same events and course of conduct as the class claims, and would be proven based on similar legal arguments. *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 571 (S.D.N.Y. 2015).

Schumacher has also made a sufficient showing of adequacy under Rule 23(a)(4). "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *Kaplan v. Gelfond*, 240 F.R.D. at 94). Schumacher has retained competent and experienced counsel, Bernstein Liebhard, with extensive experience in securities class actions. *See* Doc. 39-4. Schumacher's large losses also suggest he will have a

8

strong interest in advocating on behalf of the Class. Moreover, to date, there have been no reported conflicts between Schumacher and the other members of the class, and the Court has not identified any.

*  *  *

In light of the foregoing, Schumacher is entitled to a presumption that he is the "most adequate plaintiff" to serve as lead plaintiff. § 78u-4(a)(3)(B)(iii)(I). That presumption stands unrebutted, because no other class member has come forth with proof that Schumacher "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class. § 78u–4(a)(3)(B)(iii)(II). The Court therefore appoints Schumacher as lead plaintiff.

### IV. APPROVAL OF LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u–4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Sallustro*, 93 F. Supp. 3d at 278 (internal quotation marks omitted).

Schumacher has moved for approval of Bernstein Liebhard as lead counsel.[2] No party or movant has objected to the proposed selection. After reviewing Schumacher's submission detailing Bernstein Liebhard's experience, *see* Doc. 39-1, the Court concludes that the law firm is qualified to serve as lead counsel of the class. Accordingly, the Court approves Bernstein Liebhard as lead counsel.

---

[2] In Schumacher's motion filed in the Central District of California in *Smolicek*, he moved to appoint The Wagner Firm as liaison counsel, but such a request was not included in his motion in this Court in the *Beverly* action. In light of the transfer and consolidation of *Smolicek*, this request appears to be moot and is thus denied without prejudice to renew within one week of this order, or by July 29, 2021.

## V. CONCLUSION

For the reasons discussed, Schumacher's motion for appointment as lead plaintiff, approval of Bernstein Liebhard as lead counsel, and consolidation of *Beverly*, 21 Civ. 2004 and *Tank*, 21 Civ. 3985 is GRANTED.  The Court also *sua sponte* consolidates *Smolicek*, 21 Civ. 4832, into this action.  All future filings in this case shall be filed under 21 Civ. 2004 and bear the case caption *In re Plug Power, Inc. Securities Litigation*.   Pursuant to the March 24 stipulation and order between Beverly and Defendants, the parties shall meet and confer regarding scheduling and shall submit a stipulation for the Court's approval within fourteen days, or by August 5, 2021.

The Clerk of the Court is respectfully directed to terminate the corresponding motions under 21 Civ. 2004:  Docs. 9, 12, 15, 18, 20, 21, 22, 28, 36, 37, 41, 47, and 50.  The Clerk of Court is further directed to terminate the following motions under Case No. 21 Civ. 3985:  Docs. 6, 9, 12, and 16.

It is SO ORDERED.

Dated:   July 22, 2021
         New York, New York

                                                                    _____
                                                                    Edgardo Ramos, U.S.D.J.